SHAHOOD, Judge.
Appellant, Moran Hatcher, appeals his judgment of conviction and sentence for the charges of attempted trafficking in cocaine and conspiracy to traffic in cocaine. We affirm the judgment and sentence finding all issues raised by appellant to be without merit. We write only to address the issue of the extra verdict forms found in the jury room.
Appellant and codefendant, Anthony Potter (appellant in case number 95-2059) were tried by jury on the charges of attempted trafficking in cocaine and conspiracy to traf-fiek in cocaine. After the jury retired to deliberate, they returned to inform the trial court that an extra set of verdict forms with “not guilty” cheeked on all of them, was found in the jury room. It was determined that the only person who had access to the jury room (other than the jurors) was the appellant, Hatcher, who had changed his clothes there prior to trial. It was further determined that Potter, the codefendant, never had access to the jury room. While the court and the attorneys were discussing what to do as a result of this discovery, the jury informed the court that it had reached a verdict.
Our supreme court in State v. Hamilton, 574 So.2d 124 (Fla.1991), addressed whether a jury’s sentencing recommendation should be set aside because there were unauthorized publications in the jury room. Adopting a harmless error test, the court held that “defendants are entitled to a new trial unless it can be said that there is no reasonable possibility that the [unauthorized] books affected the verdict.” Id. at 129.
In Hamilton, the court recognized the difficulty in formulating a precise test to determine the effect of unauthorized material on the verdict in light of section 90.607(2)(b), Florida Statutes (1993), which provides that “[u]pon an inquiry into the validity of a verdict or indictment, a juror is not competent to testify as to any matter which essentially inheres in the verdict or indictment.” While the statute “absolutely forbids any judicial inquiry into emotions, mental processes, or mistaken beliefs of jurors,” it does not preclude inquiry about “overt acts which might have prejudicially affected the jury in reaching their own verdict.” Id. at 128 (citing § 90.607(2)(b), Fla. Stat. Ann. (1987) (Law Revision Council Note — 1976); Maler ex rel. Maler v. Baptist Hosp., 559 So.2d 1157, 1162 (Fla. 3d DCA 1989), approved, 579 So.2d 97 (Fla.1991)); Holding that the trial court must hold an evidentiary hearing, the supreme *28 court adopted the following test enunciated by the Fifth and Eleventh circuits:
[The inquiry] must be limited to objective demonstration of extrinsic factual matter disclosed in the jury room. Having determined the precise quality of the jury breach, if any, the [trial] court must then determine whether there was a reasonable possibility that the breach was prejudicial to the defendant.... Though a judge lacks even the insight of a psychiatrist, he must reach a judgment concerning the subjective effects of objective facts without benefit of couch-interview introspections. In this determination, prejudice will be assumed in the form of a rebuttable presumption, and the burden is on the Government to demonstrate the harmlessness of any breach to the defendant.
Hamilton, 574 So.2d at 129 (quoting United States v. Howard, 506 F.2d 865, 869 (5th Cir.1975)); see also United States v. Perkins, 748 F.2d 1519, 1533-84 (11th Cir.1984).
In the present case, we hold for two reasons that the presence of the marked verdict form in the jury room did not prejudice Hatcher’s trial, and was thus harmless error. State v. DiGuilio, 491 So.2d 1129 (Fla.1986). First, we find that the marked verdict form is harmless on its face. Hatcher argues that since the form was marked “not guilty,” the jury might think that he had placed it in the room to influence them. Such an argument is sheer speculation, especially in the absence of evidence that the jurors were even aware, that Hatcher had changed his clothes in the jury room. Second, the fact that the jurors immediately recognized that the form was not supposed to be in the jury room and brought same to the trial court’s attention indicates that they did not consider the unauthorized material in reaching their verdict. Since there is no evidence that the jury was improperly influenced, we affirm Hatcher’s conviction. See, e.g., Trotter v. State, 576 So.2d 691 (Fla.1990).
Affirmed.
STONE and PARIENTE, JJ., concur.